### Greenwald Furniture Company v. American Lamp and Brass Company.

1. APPELLATE COURT PRACTICE—*Record Must Show the Errors Relied On.*—Parties bringing cases to this court must see that the record shows the errors relied upon are truly assigned.

Assumpsit.—Trial in the Superior Court of Cook County, on appeal from a justice of the peace; the Hon. PHILIP STEIN, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court at the March term, 1898. Affirmed. Opinion filed October 21, 1898.

B. M. SHAFFNER, attorney for appellant.

JOSEPH O. MORRIS, attorney for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

This cause was commenced before a justice of the peace, where judgment was entered for $194.85 against appellant, who then took the case to the Superior Court by appeal. It is stated by counsel that the cause was twice stricken from the short cause calendar, but not without prejudice. It was placed upon a calendar, and when called for trial appellee moved to strike it from such calendar for the reason that it had twice before been stricken from a short cause calendar, but not "without prejudice." The court overruled that motion, and counsel for appellant states that the court " permitted the orders striking the cause from the short cause calendar to be amended by adding the words ' without prejudice.' "

Appellant and its counsel were present in court at the time of the trial but took no part therein.   Verdict and judgment against appellant for same amount as before the justice of the peace, viz., $194.85.   The testimony is not preserved in the record.

There is no claim or pretense by appellant, appearing either in the record or in the brief of its attorney, that it has any meritorious defense whatever to appellee's claim or any part of it.   The cause will not then be reversed unless some prejudicial error in the court below absolutely requires that that be done.

It is urged that the court erred in refusing to strike the cause from the short cause calendar when it was reached for trial.   The record does not show at whose instance the case was stricken from the trial calendar.   So far as this court is advised by the record it may have been done at the instance of the appellant.   If so, it could not complain as to that.

The only other point presented is that the court erred in allowing orders striking the cause from the short cause calendar to be amended by adding the words "without prejudice."   A sufficient answer to this is found in the fact that the record shows no such order.   The only reference to any such order is in a certificate of evidence.   Indeed, the record does not show that this cause was ever upon the short cause calendar, other than when it was called for trial and tried, except as appears in the certificate of evidence, and then mostly in the recitation of appellant's motion.

Perceiving no prejudicial error in the record in this case, the judgment of the Superior Court is affirmed.